432 P.2d 56

**Duane SOUTHWICK, Plaintiff and Appellant,**

**v.**

**S. S. MULLEN, INC., a Washington corporation, Defendant and Respondent.**
**No. 10797.**

Supreme Court of Utah.
Sept. 29, 1967.

John L. Black, Salt Lake City, for appellant.

Reed L. Martineau, Skeen, Worsley, Snow & Christensen, Salt Lake City, for respondent.

TUCKETT, Justice:

This is an action brought by the plaintiff for personal injuries which he sustained while viewing the demolition of a bridge by the defendant in connection with a road construction project. The case was tried by the court with a jury and from an adverse verdict and judgment the plaintiff appeals to this court.

At the time of the plaintiff's injuries the defendant was engaged in a road construction project at the mouth of Parley's Canyon which is located a few miles east of Salt Lake City. As a part of the project it was necessary that the defendant demolish the Stillman Bridge which crossed the canyon near the mouth of the canyon. The defendant had prepared to destroy the bridge by the use of explosives. Prior to firing the charges placed in abutments of the bridge, the newspapers, television, and radio stations were notified of the event. The plaintiff, who was a cameraman for a television station, went to the scene of the demolition for the purpose of photographing the same. Prior to the plaintiff's arrival at the scene, the defendant's foreman in charge of the blasting had briefed other newsmen and cameramen as to the procedures to be used in firing explosive charges placed in the bridge abutments. The plaintiff arrived too late for that briefing but he did talk with other newsmen at the scene who had selected a spot approximately 400 yards west of the bridge and within the canyon. After some conversation with the other newsmen the plaintiff decided to set up his equipment at that spot and to take the pictures of the blast. There was some conflict in the evidence as to what was said between the defendant's foreman and the two newsmen who had arrived prior to the plaintiff. The defendant's foreman testified that he had warned the newsmen that the place they had selected might be ex-posed to some danger and that they should accompany him to another location where he was going to observe the blast. There was some testimony to the effect that the foreman told the newsmen they would probably be safe if they remained behind their vehicles.

The plaintiff, prior to the explosion, had rested his camera on a portion of one of the vehicles in the area and he and the other newsmen were trying to determine when the shots would be fired by looking and listening for a signal. The blast came unexpectedly as the plaintiff and other newsmen failed to see or hear the signal given by defendant's foreman to the man who was in charge of detonating the explosives. At the time of the blast a portion of the debris from the bridge was propelled to the area where the plaintiff was situated. A fragment struck the plaintiff on the wrist resulting in the injuries complained of.

The plaintiff claims that the court erred in submitting the case to the jury on the issues of negligence on the part of the defendant and contributory negligence on the part of the plaintiff. At the conclusion of the evidence the plaintiff moved the court for a directed verdict on the issue of liability and further that the issue of defendant's liability be submitted to the jury on the basis of liability without fault which is sometimes referred to in the cases as strict liability or as absolute liability. The court instructed the jury on the issues of the de-

fendant's strict liability and also on the basis of negligence. The defendant's claim that plaintiff assumed the risk by his own conduct was also submitted to the jury.

■ It would seem that this court is committed to the rule of absolute or strict liability in blasting cases.[1] However, in the case of Robison v. Robison,[2] the court had this to say:

> Whether dynamite is such a dangerous instrumentality depends upon the circumstances. Used in a crowded city, it of course would be; whereas, using it on a remote area where there is little or no possibility of injury to others, it would not. In doubtful situations between those extremes the problem must be resolved by the answer to the question as to whether the user should reasonably foresee that others might be injured.

It is quite obvious that the rule above mentioned sets forth two bases for liability. It amounts as a rule of strict liability where the foreseeability of danger is great and one of negligence where the likelihood of injury is remote. The trial court submitted both areas of liability to the jury. In the instant case it is not clear from the record as to whether foreseeability of harm would require the application of one rule or of the other. By submitting both theories to the jury, the court fully instructed the jury as to the issues of liability set forth in the pretrial order. It will be noted in this connection that the pretrial order reserved an issue of negligence as well as an issue of strict liability.

The plaintiff having gone to the scene of the demolition for the purpose of photographing the blast is charged with the duty of using due care for his own protection. The plaintiff chose to be in an area selected by other newsmen on similar missions rather than make inquiry from those in charge of the blasting as to whether or not the area would be safe. There is sufficient evidence in the record from which the jury could have found that the plaintiff knew of the dangers from the blast and nevertheless chose to remain in an exposed position.[3]

We are unable to agree that the errors complained of by the plaintiff are prejudicial or that the court erred in denying him a new trial.

The judgment of the court is affirmed. Costs to the respondent.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.

1. Madsen v. East Jordan Irr. Co., 101 Utah 552, 125 P.2d 794.

2. 16 Utah 2d 2; 394 P.2d 876.

3. Robison v. Robison, footnote 2, supra; Smith v. Day, 9 Cir., 100 F. 244, 49 L.R.A. 108; E. I. DuPont De Nemours